UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAULA DONALD,

    Plaintiff,

v.

XANITOS, INC.,

    Defendant.

Case No. 14-cv-05416-WHO

**ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Re: Dkt. No. 22

## INTRODUCTION

Plaintiff Paula Donald seeks to amend her misclassification and wage and hour class action against defendant Xanitos, Inc. by adding Kaiser Foundation Hospitals ("Kaiser") as a defendant under a joint employer theory. Xanitos provides housekeeping, transportation, laundry, and other basic services for hospitals, including a number of hospitals in California owned and operated by Kaiser. Xanitos contends that because the joinder of Kaiser will eliminate diversity jurisdiction, the proposed amendment must be scrutinized under 28 U.S.C § 1447(e), not Federal Rule of Civil Procedure 15(a)(2), and should be denied. But as it also showed, the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), provides an alternate basis for subject matter jurisdiction. Joinder of Kaiser is proper under either Rule 15(a)(2) or section 1447(e) and I GRANT the motion to amend.

## BACKGROUND

Donald filed this action on November 10, 2014 in the Superior Court of California, County of Contra Costa. Dkt. No. 1 Ex. A ("Compl."). According to the complaint, Xanitos provides housekeeping, transportation, laundry, and other basic services for hospitals, including a number of hospitals in California. *Id.* Donald began working for Xanitos in March 2010 as a supervisor. Compl. ¶ 1. She was initially classified as an independent contractor and subsequently reclassified

1    as an exempt employee. *Id.* In April 2014, she was fired. *Id.*

2    Donald claims that Xanitos misclassified her as an independent contractor and/or exempt employee. She seeks to represent two classes of California workers (an independent contractor class and an exempt employee class) asserting the following causes of action against Xanitos: (i) failure to properly compensate employees for all hours worked, Cal. Labor Code §§ 200, 226, 500, 510, 1197, 1198; (ii) failure to pay overtime wages, Cal. Labor Code §§ 204, 216, 510, 558, 1198; (iii) failure to provide meal and rest breaks, Cal. Labor Code §§ 226.7, 512; (iv) failure to furnish wage and hour statements, Cal. Labor Code §§ 226, 226.3; (v) failure to timely pay final wages, Cal. Labor Code, §§ 201-03; and (vi) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* Compl. ¶¶ 27-66. Donald also brings two individual causes of action against Xanitos: (i) disability discrimination in violation of Cal. Govt. Code § 12940; and (ii) wrongful termination in violation of public policy. Compl. ¶¶ 67-78.

On December 11, 2014, Xanitos removed the case to federal court under 28 U.S.C. § 1441(b). Dkt. No. 1. Donald is a California citizen, and Xanitos is a Delaware corporation with its principal place of business in Pennsylvania. *Id.* The parties do not dispute that removal on the basis of diversity jurisdiction was proper.

Donald filed this motion to amend on March 8, 2015. Dkt. No. 22. She wants to amend her complaint in three ways: (1) to make various nonsubstantive changes, such as correcting typographical errors; (2) to add a new cause of action under California's Private Attorney General Act; and (3) to join Kaiser as a new defendant. Mot. 1. Donald's proposed first amended complaint ("FAC") alleges that Kaiser owns each of the California hospitals for which Xanitos provides services, and that Kaiser "retain[s] sufficient control over the terms and conditions" of plaintiff's and other putative class members' employment to be held liable under a joint employer theory. FAC ¶¶ 2, 4. According to the FAC, Kaiser qualifies as a joint employer because it has the power to approve or disapprove disciplinary actions taken by Xanitos against putative class members, to instruct Xanitos to transfer or terminate putative class members, and to dictate which tasks putative class members perform and how they must perform them. FAC ¶ 4.

Xanitos does not oppose the nonsubstantive changes or the new cause of action under the

2

Private Attorney General Act. Opp. 1. Xanitos does oppose joining Kaiser. *Id.* Xanitos contends that because the joinder of Kaiser, a California citizen, would eliminate diversity jurisdiction, that particular amendment is subject to scrutiny under 28 U.S.C § 1447(e), not Federal Rule of Civil Procedure 15(a)(2), and should be denied.

Xanitos contends in the alternative that even if Kaiser is joined, the case should not be remanded because subject matter jurisdiction would still exist under CAFA. Dkt. No. 29 at 2-5. Donald does not dispute the existence of CAFA jurisdiction. Indeed, it was Donald who initially raised the possibility of CAFA jurisdiction, asserting in her reply that such jurisdiction "may exist," and that her request for leave to amend should thus be governed by Rule 15(a)(2), not section 1447(e). Reply 8. Donald has also repeatedly asserted that none of the exceptions to CAFA jurisdiction (e.g., the "local controversy" exception) apply here. Reply 8 n.7; Dkt. No. 30 at 2 n.3. Donald nevertheless argued in her papers that a determination of CAFA jurisdiction would be premature until Xanitos responds to certain discovery requests regarding the size of the two proposed classes. Dkt. No. 30 at 2-3. At the hearing on April 15, 2015, however, Donald abandoned this argument and conceded that CAFA gives this Court jurisdiction over this case.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) directs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts in this district have recognized, however, that this liberal approach to amendment "does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." *Greer v. Lockheed Martin*, No. 10-cv-01704-JF, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010); *see also E. Bay Mun. Util. Dist. v. Balfour Beatty Infrastructure, Inc.*, No. 13-cv-02032-WHO, 2014 WL 2611312, at *4 (N.D. Cal. June 11, 2014); *Raifman v. Wachovia Sec., LLC*, No. 11-cv-02885-SBA, 2012 WL 1611030, at *4-5 (N.D. Cal. May 8, 2012); *Chan v. Bucephalus Alternative Energy Grp., LLC*, No. 08-cv-04537-JW, 2009 WL 1108744, at *3 (N.D. Cal. Apr. 24, 2009); *Bakshi v. Bayer Healthcare, LLC*, No. 07-cv-00881-CW, 2007 WL 1232049, at *1-2 (N.D. Cal. Apr. 26, 2007). To apply Rule 15(a)(2)'s permissive standard in this situation "would allow a plaintiff to improperly manipulate the forum of an action." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087

1  (C.D. Cal. 1999). Accordingly, when a plaintiff seeks to amend her complaint after removal to
2  add a diversity destroying defendant, courts in this district generally scrutinize the proposed
3  amendment under 28 U.S.C. § 1447(e). *See, e.g., Greer*, 2010 WL 3168408, at *4.

4  Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional
5  defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or
6  permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The section "is
7  couched in permissive terms" and "clearly gives the district court the discretion to deny joinder."
8  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Factors relevant to determining
9  whether to allow joinder under section 1447(e) include: (1) whether the new defendant would be
10 joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication;" (2) whether
11 the statute of limitations would prevent the filing of a new action against the new defendant in
12 state court; (3) whether there has been an unexplained delay in seeking to join the new defendant;
13 (4) whether the plaintiff seeks to join the new defendant solely to defeat federal jurisdiction;
14 (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder
15 would prejudice the plaintiff. *Dhawan v. Broadway Partners*, No. 13-cv-00336-PJH, 2013 WL
16 1615854, at *1 (N.D. Cal. Apr. 15, 2013)*; see also Bakshi*, 2007 WL 1232049, at *2.

## DISCUSSION

### I.   MOTION TO AMEND

19 Donald's motion to amend is GRANTED. As discussed below in Section II, CAFA
20 jurisdiction exists. Joinder of Kaiser will not destroy subject matter jurisdiction. Accordingly,
21 section 1447(e) does not apply to the proposed amendment; Rule 15(a)(2) does. Under Rule
22 15(a)(2)'s liberal approach, leave to amend may only be denied on the grounds of bad faith, undue
23 delay, undue prejudice to the opposing party, or futility of the proposed amendment. *Lockheed*
24 *Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). None of those
25 circumstances is present here.

26 While the analyses under Rule 15(a)(2) and section 1447(e) are distinct, the reasons to
27 allow amendment apply to both. There has been no undue delay in filing the motion, and there is
28 no prejudice to Xanitos. This action was initially filed on November 10, 2014 and removed to

4

federal court on December 11, 2014. Dkt. No. 1. Donald first raised the issue of joining Kaiser with Xanitos on February 19, 2015, *see* Opp. 2, and then filed this motion on March 8, 2015, Dkt. No. 22.[1] There has been no significant motion practice in this case, and with the exception of the schedule for Donald's class certification motion, no case management deadlines have been set. The less-than-four-month delay between filing and proposed joinder, and the relative infancy of this litigation, distinguish this case from those cited by Xanitos in which delay was found to weigh against amendment. *See, e.g., Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (amendment sought more than one year after case had been filed and removed); *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (amendment sought more than six months after action had been removed and just four days before summary judgment hearing); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1164 (5th Cir. 1982) (amendment sought two years and three months after plaintiffs had filed their original complaint).

      Donald does not seek to add Kaiser in bad faith or solely to defeat federal jurisdiction. Although Xanitos contends that "the joint employer theory appears to be a ruse" designed to obtain remand, Opp. 8, it fails to identify a single deficiency in the proposed allegations against Kaiser. Courts applying California law have repeatedly recognized the viability of a joint employer theory in misclassification and wage and hour cases like this one. *See, e.g., Martinez v. Combs*, 49 Cal. 4th 35, 50-51 (2010); *Carrillo v. Schneider Logistics Trans-Loading & Distribution, Inc.*, No. 11-cv-08557, 2014 WL 183956, at *15-16 (C.D. Cal. Jan. 14, 2014); *Arredondo v. Delano Farms Co.*, 922 F. Supp. 2d 1071, 1087-89 (E.D. Cal. 2013); *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 401-02 (N.D. Cal. 2012). Even assuming Donald seeks to add Kaiser in part to defeat federal jurisdiction, "[t]he mere preference for one forum over another does not weigh in the section 1447(e) analysis." *Dhawan*, 2013 WL 1615854, at *2; *accord Balfour Beatty*, 2014 WL 2611312, at *5. Rather, "the key question is whether [the new defendant] is a sham defendant, added *solely* to defeat diversity jurisdiction." *Dhawan*, 2013

---

[1] In addition, on December 22, 2015, Donald sent a letter to both Xanitos and Kaiser, notifying them that she was seeking civil penalties against them under the Private Attorney General Act. *See* Ilg Decl. Ex. A (Dkt. No. 27-1). The letter identifies Kaiser as a "joint employer." *Id.*

WL 1615854, at *2 (emphasis in original).

The claims against Kaiser appear plausible. Apart from describing the claims as "a ruse," Xanitos does not argue otherwise. Nothing here indicates that Kaiser is a sham defendant. For these reasons, I find that joinder is proper under both Rule 15(a)(2) and section 1447(e). Donald may add Kaiser to her complaint. She shall file her first amended complaint on or before April 24, 2015.

**II.    CAFA JURISDICTION**

There is no basis for remanding this case because CAFA jurisdiction exists. "CAFA vests a district court with original jurisdiction over 'a class action' where: (1) there are one hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of costs and interest." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). Where the complaint does not specify the amount of damages sought, the party seeking to establish CAFA jurisdiction "must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

"When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Fong v. Regis Corp.*, No. 13-cv-04497-RS, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014). This inquiry looks to what is put "in controversy" by the plaintiff's complaint, not what the defendant is likely to actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "[CAFA] tells the district court to determine whether it has jurisdiction by adding up the value of the claim[s] of each person who falls within the definition of [the] proposed class and determin[ing] whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

The burden to establish the amount in controversy by a preponderance of the evidence does not require the defendant to "research, state, and prove the plaintiff's claims for damages." *Korn*,

536 F. Supp. 2d at 1204-05; *see also Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). "Nonetheless, a court cannot base a finding of jurisdiction on a defendant's speculation and conjecture." *Fong*, 2014 WL 26996, at *2 (internal quotation marks and modifications omitted). "[A] defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." *Id.*

While the court may consider "summary-judgment-type evidence" in considering whether the amount in controversy requirement is met, the defendant is not required in all cases to produce such evidence. *See Altamirano v. Shaw Indus., Inc.*, No. 13-cv-00939-EMC, 2013 WL 2950600, at *4-5 (N.D. Cal. June 14, 2013); *accord Andersen v. The Schwan Food Co.*, No. 13-cv-02362-PJH, 2013 WL 3989562, at *2-3 (N.D. Cal. Aug. 2, 2013); *Rosas v. USFastCash*, No. 12-cv-05066-CW, 2012 WL 6045909, at *6 (N.D. Cal. Dec. 5, 2012). A defendant may show that the requisite amount is in controversy "based on assuming the allegations in the complaint to be true, even where the complaint does not specify the amount of damages sought." *Altamirano*, 2013 WL 2950600, at *4. If, however, "the allegations in the complaint provide no basis for certain assumptions in the calculations, a defendant must provide some evidence rather than relying on mere unsupported speculation or conclusory allegations." *Id.* In other words, the court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy." *Abrego*, 443 F.3d at 690 (internal quotation marks omitted); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336, 1336 n.16 (5th Cir. 1995) ("In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal . . . The efficient procedure is to not require such [evidence] until after the initial consideration of the face of the complaint.").

CAFA jurisdiction exists here. The parties agree that the minimal diversity requirement is satisfied, and although Donald initially expressed some uncertainty as to whether the putative

7

class size and amount in controversy requirements were also met, she now concedes they are.[2] The allegations in Donald's complaint confirm that the parties' agreement on CAFA jurisdiction is well founded. Because Donald is a California citizen and Xanitos is a Delaware corporation with its principal place of business in Pennsylvania, there is minimal diversity between the parties. Donald alleges that each of the two putative classes consists of "well over 100 individuals." Compl. ¶ 12. This is well over the jurisdictional minimum. And the amount in controversy easily exceeds five million dollars. Xanitos calculates that, assuming there were only 100 putative class members in total, plaintiff's claims for failure to pay overtime wages and failure to provide meal and rest breaks, standing alone, would put $6,425,600 in controversy. Dkt. No. 29 at 4 n.3-4. Xanitos's calculations are not only reasonable on their face and uncontested by Donald, they are also extremely conservative: they assume the putative class will consist of only 100 members in total (even though Donald has alleged that *each* of the two putative classes contain more than 100 individuals); they factor in only two of the six causes of action brought on behalf of the class; they assume that each putative class member was paid no more than the minimum wage (even though Xanitos asserts that many class members were paid more); and they do not consider the possibility of attorney's fees.[3] In light of Donald's nonopposition, the allegations in Donald's complaint, and Xanitos's calculations, I am satisfied that the amount in controversy in this case is "more likely than not" in excess of $5 million. *Abrego*, 443 F.3d at 883.

---

[2] This lack of dispute does not obviate the jurisdictional inquiry. A federal court "is required to satisfy itself of its own jurisdiction." *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 n.2 (9th Cir. 2002); *see also Rieger v. Wells Fargo Bank, Nat. Ass'n*, No. 13-cv-00749-JSC, 2013 WL 1748045, at *2 (N.D. Cal. Apr. 23, 2013) ("Although plaintiffs do not object to defendants' removal, the Court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction whenever a case is removed to federal court.").

[3] Attorney's fees may be factored into an amount in controversy determination where they are available pursuant to the statute or statutes underlying the plaintiff's claims. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). "Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing defendants can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages." *Fong*, 2014 WL 26996, at *7; *see also Altamirano*, 2013 WL 2950600, at *13 (determining that $5 million jurisdictional minimum was satisfied in wage-and-hour class action after factoring in 25 percent fee award).

1 **CONCLUSION**

2 Accordingly, the motion to amend is GRANTED. Donald shall file her first amended
3 complaint on or before April 24, 2015.

4 **IT IS SO ORDERED**.

5 Dated: April 17, 2015



WILLIAM H. ORRICK
United States District Judge