HOFFMAN EMPLOYMENT LAWYERS
Michael Hoffman, SBN 154481
mhoffman@employment-lawyers.com
Leonard Emma, SBN 224483
lemma@employment-lawyers.com
Stephen Noel Ilg, SBN 275599
silg@employment-lawyers.com
580 California Street, Suite 1600
San Francisco, CA 94104
Tel (415) 362-1111
Fax (415) 362-1112

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA DONALD, on behalf of herself, all others similarly situated, and the general public,<br><br>    Plaintiff,<br><br> vs.<br><br>XANITOS, INC., a Delaware corporation, KAISER FOUNDATION HOSPITALS, a California corporation, and DOES 1 through 10, inclusive,<br><br>    Defendant. | CASE NO.: 3:14-CV-05416-WHO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND REPRESENTATIVE PLAINTIFF ENHANCEMENT**<br><br>Date: April 26, 2017<br>Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick<br>Courtroom: 2 – 17th Floor |

-1-

*Donald v. Xanitos / Case No. 3:14-cv-05416-WHO*
Order Granting Plaintiff's Motions for Final Approval and Motion for Attorneys' Fees, Costs and Representative Plaintiff Enhancement

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

Pending before the Court are Plaintiff Paula Donald's ("Plaintiff") Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Attorneys' Fees, Costs, and Representative Plaintiff Enhancement.

Plaintiff's Motion for Final Approval requests an order (1) granting final approval to the settlement of claims as set forth in the Stipulation and Agreement to Settle Putative Class Action ("Agreement" or "Settlement") between the parties in the above-captioned matter; (2) granting approval of payment to the claims administrator; and (3) dismissing this action with prejudice in accordance with the terms of the Agreement.

Plaintiff's Motion for Attorneys' Fees, Costs and Plaintiff Representative Enhancement requests an order (1) awarding $150,000 in attorney's fees, (2) an enhancement award of $2,500 to Representative Plaintiff Paula Donald, and (3) reimbursement of litigation costs of $9,500.

The Court conducted a hearing regarding the Motion for Final Approval on April 26, 2017, concurrent with the hearing on Plaintiff's Motion for Attorney's Fees, Costs, and Representative Plaintiff Enhancement.

On December 9, 2016, the Court entered an order preliminarily approving the Settlement. The Court certified the following classes:

> (1) All persons who provided environmental services to Defendants within the State of California as a contractor for Xanitos, and who Xanitos classified as an independent contractor; and
> (2) All persons who provided environmental services to Defendants within the State of California as a supervisor, manager or similar or equivalent designation, as an employee of Xanitos, and who Xanitos classified as an exempt employee.

(Dkt. 73 ("Order Granting Preliminary Approval")).

For the reasons stated below and at the hearing, the Court GRANTS Plaintiff's Motion for Final Approval of Class Action Settlement and GRANTS Plaintiff's Motion for Attorneys' Fees, Costs, and Representative Plaintiff Enhancement.

## STANDARD FOR APPROVAL OF CLASS ACTION SETTLEMENT

To approve a proposed settlement of a class action under Federal Rule of Civil Procedure 23(e), the Court must find that the proposed settlement is "fair, adequate and

-2-

reasonable," recognizing that "it is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

## STANDARD FOR MOTION FOR ATTORNEYS' FEES, COSTS AND REPRESENTATIVE PLAINTIFF ENHANCEMENT

At the conclusion of a successful class action, class counsel may apply to the Court for an award of reasonable attorneys' fees. *See* Fed. R. Civ. P. 23(h). Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method. *See In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)). Each of these methods may be used to cross-check the other.

Class Counsel is typically entitled to reimbursement of all reasonable out-of-pocket expenses and costs in prosecution of the claims and in obtaining a settlement. *See Vincent v. Hughes Air West*, 557 F.2d 759, 769 (9th Cir. 1977).

"Incentive awards are fairly typical in class action cases . . . Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class . . ." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (citing 4 *William B. Rubenstein et al., Newberg on Class Actions* § 11:38 (4th ed. 2008)). These payments work both as an inducement to participate in the suit and as compensation for time spent in litigation activities. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 463 (describing the service award as an incentive to the class representatives); *Matter of Continental Illinois Securities Litig.*, 962 F.2d 566, 571 (7th Cir. 1992) (stating that an enhancement award should be in such an amount "as may be necessary to induce [the class representative] to participate in the suit").

## MOTION FOR FINAL APPROVAL

For good cause shown, and as more fully explained below, the Motion for Final Approval is GRANTED. The Court ORDERS as follows:

-3-

*Donald v. Xanitos / Case No. 3:14-cv-05416-WHO*
Order Granting Plaintiff's Motions for Final Approval and Motion for Attorneys' Fees, Costs and Representative Plaintiff Enhancement

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1. The presumption of fairness applies here. As discussed above, Plaintiff obtained sufficient information permitting her to assess the strengths and value of the case before engaging in settlement negotiations. The Settlement was negotiated by capable counsel, using an experienced mediator. In light of these facts, the Settlement is presumptively fair, and, as explained below, all relevant factors support final approval.

2. Final Certification of the Settlement Classes. The Settlement Classes are comprised of the following individuals from November 6, 2010 until December 9, 2016:

> (1) All persons who provided environmental services to Defendants within the State of California as a contractor for Xanitos, and who Xanitos classified as an independent contractor; and
> (2) All persons who provided environmental services to Defendants within the State of California as a supervisor, manager or similar or equivalent designation, as an employee of Xanitos, and who Xanitos classified as an exempt employee.

The Court finds that the Settlement Classes, as defined in the Agreement, meet the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Settlement Classes.

3. For purposes of settlement, the Court appoints Plaintiff Paula Donald as a Class Representative for the both Classes.

4. For purposes of settlement, the Court appoints Leonard T. Emma, Michael R. Hoffman, and Stephen Noel Ilg of the law firm of Hoffman Employment Lawyers as Class Counsel for the Settlement Class.

5. The Court approves the Agreement and finds that it is a reasonable compromise of the claims of Plaintiff and the Settlement Classes, reached by the Parties after extensive discovery and intensive arms-length negotiations with the assistance of experienced counsel. The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Settlement Classes. It achieves a definite and certain result for the benefit of the Settlement Classes that is preferable to continuing litigation in which the Settlement Class would necessarily confront substantial risk, uncertainty, delay, and cost. The Court also finds that the settlement terms negotiated by the Parties and described in their Agreement are a fair and reasonable resolution of

a bona fide dispute between the Plaintiff, Class Members, and the Defendants.

6. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Settlement Classes in accordance with the terms of the Agreement, excepting only to the one individual, Mr. Jesus Valencia, who effectively excluded himself from the Settlement Class in accordance with the terms of the Agreement..

7. The Court determines that the Notice was given as required by the Preliminary Approval Order. The Court finds that the Notice procedure employed was the best practical notice under the circumstances and provided all members of the Settlement Classes with fair and adequate notice of the terms of the settlement, the Fairness Hearing, and the opportunity to object to the settlement and/or exclude themselves from the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8. Attorneys' Fees and Litigation Expenses. As discussed in greater detail below, the Court approves Class Counsel's requested fees award of $150,000. The Court finds this fee award is justified. As discussed below, the Court finds that the reimbursement of costs requested in Plaintiff's unopposed motion is reasonable and that Class Counsel shall be awarded the requested amount of $9,500 for litigation expenses actually incurred in the prosecution of this litigation. In addition, the Settlement Administrator shall be awarded up to $15,000 for its reasonable fees and expenses incurred in the administration of the settlement.

9. As discussed in greater detail below, the $2,500 Enhancement Payment to the Representative Plaintiff set forth in the Agreement is approved for her substantial services for the benefit of the Settlement Classes.

10. Administering the Settlement of Claims. The Parties and the Settlement Administrator shall continue to administer the Settlement as set forth in the Agreement.

11. As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Representative

-5-

*Donald v. Xanitos / Case No. 3:14-cv-05416-WHO*
Order Granting Plaintiff's Motions for Final Approval and Motion for Attorneys' Fees, Costs and Representative Plaintiff Enhancement

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

Plaintiff and Settlement Class Members, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement).

12. All claims in this action are hereby DISMISSED WITH PREJUDICE and, except as provided herein, without costs against Defendants.

13. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

14. This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

15. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

16. Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

## MOTION FOR ATTORNEYS' FEES, COSTS AND REPRESENTATIVE PLAINTIFF ENHANCEMENT AWARD

For good cause shown, and as more fully explained below, the Motion for Attorneys' Fees, Costs and Representative Plaintiff Enhancement is GRANTED. The Court ORDERS as follows:

17. Under both the lodestar and percentage-of-recovery methods, Plaintiff's request for $150,000 in attorneys' fees is reasonable and should be approved.

18. The Court first considers the lodestar method. The lodestar figure is calculated by

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the region and for the experience of the lawyer. *See Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). Though the lodestar figure is "presumptively reasonable," *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988), the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of "reasonableness" factors, "including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment," *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Here, Class Counsel calculated total lodestar fees of $170,247.50 based on approximately 375 total attorney hours worked. The Court finds that the number of hours devoted to this case was reasonable and that the billing rates used by Class Counsel are reasonable and in line with prevailing rates in this district. The Court also finds that a positive multiplier could be applied to this case in light of the quality and effectiveness of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment, among other factors. However, this is unnecessary because Class Counsel's lodestar total exceeds Plaintiff's request for attorneys' fees.

19. The propriety of the requested fee award is confirmed by a cross-check based on the percentage of the gross settlement amount obtained. The requested fee represents 30% of the value of the settlement, which the Court finds appropriate in light of the results obtained, the novelty and difficulty of the questions involved, the skill required to litigate the case to trial, the preclusion of other employment, and the contingent nature of the fee. The Court finds that the requested fee award is reasonable and therefore GRANTS the request.

20. Class Counsel provided an itemized list of the costs incurred during this litigation, separated by category. The Court has reviewed the submitted records and finds the requested costs award of $9,500 to be reasonable. The Court therefore GRANTS the request for costs.

21. The sole Representative Plaintiff seeks an enhancement awards of $2,500 for her service in this matter. The Court has reviewed the declaration submitted by the Representative

-7-

*Donald v. Xanitos* / Case No. 3:14-cv-05416-WHO
Order Granting Plaintiff's Motions for Final Approval and Motion for Attorneys' Fees, Costs and Representative Plaintiff Enhancement

Plaintiff in support of the requested enhancement award and the Court finds that the requested amount is fair and reasonable. The Class Representative helped Class Counsel investigate claims, connected Class Counsel with putative class members, sat for a deposition, monitored case status and progress, and participated in mediation, among other things. The Class Representative expended many hours on the case and subjected herself to public attention and reputational risk. Plaintiff has also provided Defendants with a general release of claims. In light of these facts, the Court GRANTS the Representative Plaintiff's request for an enhancement award of $2,500.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court grants final approval of the proposed Class Action Settlement, approving the release set forth therein;
2. The Court awards Class Counsel $150,000 in attorneys' fees;
3. The Court awards Class Counsel $9,500 in costs; and
4. The Court awards an enhancement award to Class Representative Paula Donald in the amount of $2,500.

Accordingly, the Settlement Administrator is hereby ordered to disburse funds to Class Counsel for attorneys' fees in the amount of $150,000.00 and costs in the amount of $9,500. The Settlement Administrator is further ordered to disburse $2,500 to Representative Plaintiff Paula Donald and to disburse settlement funds to Class Members in accordance with the terms of the Agreement.

Dated: April 27, 2017

Honorable William H. Orrick
United States District Court Judge